RICHARD MCLAUGHLIN *vs.* CITY OF BROCKTON & another.[1] No. 90-P-807. March 6, 1992. *Zoning*, Nonconforming use or structure, By-law or ordinance.

The plaintiff stores and services trucks and heavy construction vehicles at premises in Brockton zoned for general commercial use (C-2 zone). Responding to the building inspector's enforcement action, the plaintiff

---

[1]Zoning board of appeals of Brockton.

sought a ruling from the zoning board of appeals (board) that his use of the property was protected as a lawful nonconforming use based on the business operated by the preceding owner. The board denied relief, finding that "the prior use of the property from the late 1920's to the 1960's was substantially different than the present use" and that the plaintiff's use "caus[es] potential danger to the public safety and significant and detrimental effect to the surrounding neighborhood."[2] The board appeals from a judgment of the Land Court annulling (in effect) its decision and declaring that the plaintiff's use of the premises is protected under art. VI, § 27-43, of the Brockton zoning ordinance.

The problem arises because of the coexistence in the zoning ordinance of two different sections governing alterations of nonconforming uses. The first, art. VI, § 27-39, provides that "no . . . alteration . . . [of a nonconforming use] shall be permitted unless there is a finding by the zoning board of appeals that such . . . alteration . . . shall not be substantially more detrimental than the existing nonconforming use to the neighborhood." The judge focussed on § 27-43, which provides that "[a] nonconforming use may be changed to a use of the same or more restrictive classification,"[3] and makes no mention of the necessity for a finding by the board concerning the effect of the alteration on the neighborhood. The judge interpreted § 27-43 as permitting, without board approval, a one-time alteration of a nonconforming use to another nonconforming use of a type permitted in the same or more restricted zones than the prior use. The materials submitted to the judge in support of the plaintiff's motion for summary judgment established that the plaintiff's use was allowed in zones where his predecessor's use (scrap metal salvage) was prohibited.

The judge's interpretation of § 27-43 would place that ordinance in conflict with the enabling Zoning Act, which, in G. L. c. 40A, § 6, as in-

---

[2] The board did not make a specific finding that the plaintiff's use was substantially more detrimental than the prior nonconforming use to the neighborhood.

[3] In its entirety, art. VI, § 27-43, reads as follows: "Once changed to a conforming use, no building or land shall be permitted to revert to a nonconforming use. A nonconforming use may be changed to a use of the same or more restrictive classification, and such use thereafter shall not be changed to a lower classification.

1. A nonconforming use or structure shall not be changed into another nonconforming use which is permitted in a less restrictive district.
2. A nonconforming use may be changed into a conforming use.
3. A nonconforming use which is not permitted in any district may only be changed to a conforming use.
4. When a nonconforming use shall be changed in accordance with the provisions hereof, the use of the building or other structure shall not thereafter be changed again except in accordance with these regulations."

serted by St. 1975, c. 808, § 3, provides that "no . . . alteration [of a nonconforming use] shall be permitted unless there is a finding by the permit granting authority or by the special permit granting authority designated by ordinance . . . that such . . . alteration shall not be substantially more detrimental than the existing nonconforming use to the neighborhood." An ordinance that permitted an alteration of a nonconforming use in the absence of such a finding would be in violation of the literal mandate of § 6. It is true that in *Chilson v. Zoning Bd. of Appeal of Attleboro*, 344 Mass. 406, 411 (1962), it was held that the predecessor statute "prescribes the minimum tolerance which must be given to nonconforming uses." But the predecessor statute, G. L. c. 40A, § 5, inserted by St. 1954, c. 368, § 2, and as later amended by St. 1962, c. 340, was materially different in form and substance from the present G. L. c. 40A, § 6, and it lacked the requirement of a finding by the board concerning the effect of the alteration on the neighborhood.

Nothing in § 27-43 expressly precludes the finding and permit procedure of § 27-39 from applying to alterations of nonconforming uses. The two sections may be read harmoniously if § 27-43 is interpreted as imposing specific restrictions on the types of alterations authorized generally by § 27-39. This reading comports with the general principle that, where possible, ordinances should "be construed so as to harmonize superficially discordant provisions." *Lee v. Board of Appeals of Harwich*, 11 Mass. App. Ct. 148, 154 (1981). More importantly, it avoids conflict with the enabling statute.

We conclude that the board should have an opportunity to reconsider its decision and to make findings in accordance with G. L. c. 40A, § 6, and §§ 27-39 and 27-43 of the Brockton zoning ordinance, including a specific finding as to whether the plaintiff's altered use is more detrimental to the neighborhood than the protected nonconforming use of his predecessor. Accordingly, the judgment of the Land Court is vacated, and the case is to be remanded to the zoning board of appeals for further proceedings consistent with this opinion. The Land Court may retain jurisdiction over the case.

*So ordered.*

The case was submitted on briefs.
*Steven A. Remsberg & Rebecca R. Weinreich* for the plaintiff.
*Robert M. Payton* for the defendants.